```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|     Plaintiff | |
| | : |
|     vs. | :   CRIMINAL NO. 1:CR-02-187-11 |
| | : |
| FRANCISCO LLANO | : |
| a/k/a "CHULUO", "CHULLO", | |
|     Defendant | : |

*M E M O R A N D U M*

I.  *Introduction*.

Defendant, Francisco Llano, has written a letter, which we will construe as a pro se motion for extension of time to file a 28 U.S.C. § 2255 motion. We will dismiss the motion because we have no jurisdiction to consider it.

II.  *Background*.

In May 2004, Defendant pled guilty to an information charging him, in part, with distribution and possession with intent to distribute cocaine hydrochloride and crack cocaine in violation of 21 U.S.C. § 841(a)(1). In September 2004, he was sentenced to 168 months' imprisonment. On June 8, 2005, the Third Circuit denied his direct appeal.

On June 14, 2006, his letter requesting an extension of time to file a 28 U.S.C. § 2255 motion was filed. The letter, which we treat as a motion, presents no grounds that

Defendant might raise in a 2255 motion and focuses solely on reasons why an extension should be granted. Defendant alleges that he has been confined at the Philadelphia Federal Detention Center since July 2005 and has been requesting his personal property, including his legal material, for about eight months, and it was only about two weeks ago he did receive his personal property, but none of his legal material. Additionally, Defendant represents he asked his trial lawyer for help in obtaining his legal material, but he has not received a reply. Defendant calculates his deadline for filing his 2255 motion as September 7, 2006, and requests an extension, being uncertain as to whether he will be able to meet the filing deadline.

III. *Discussion*.

Most courts confronting a motion to extend the time for filing a 2255 motion have decided that a district court has no jurisdiction to consider such an extension motion. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000)(per curiam) (collecting cases). The reasoning is often a bit conclusory but is exemplified by *Leon* where the Second Circuit, noting that an essential part of a federal court's jurisdiction under Article III of the Constitution is the existence of a case or controversy, stated that:

> because Leon has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would

2

>            be merely advisory.  Accordingly, we lack
>            jurisdiction to consider the issue on
>            appeal.

*Id.  See also United States v. Callahan*, 70 Fed. Appx. 179, 180 (5th Cir. 2003)(nonprecedential)(citing *Leon*); *United States v. Chambliss*, 1998 WL 246408 (6th Cir.)(nonprecedential)(no case or controversy is present when only an extension motion is before the court); *In re Wattanasiri*, 982 F. Supp. 955, 958 (S.D.N.Y. 1997)(cited in *Leon*)(when only a motion to extend the 2255 time limit is before the court, "there is no action or proceeding pending.  Movant's criminal case has ended.  He has not filed a motion pursuant to 28 U.S.C. § 2255.  There is no civil action."); *United States v. Paschal*, 2003 WL 21000361 (N.D. Ill.)(citing *Leon*); *United States v. Polanco*, 1999 WL 328352 (S.D.N.Y.)(citing *In re Wattanasiri*); *United States v. Marano*, 2002 WL 449571 (N.D. Tex.); *United States v. Clarke*, 1998 WL 91069 (D. Conn.)(citing *In re Wattanasiri*); *United States v. Agnes*, 1997 WL 763025 at *1 (E.D. Pa.)("determination of the timeliness of a motion [the defendant] may or may not eventually file would merely constitute an advisory opinion")(citing *In re Wattanasiri*).  Similarly, district courts considering motions to extend the one-year period for a petition under 28 U.S.C. § 2254 challenging a state-court conviction have concluded there is no jurisdiction to do so.  *See Espinoza-Matthews v. California*, 2003 WL 21518116 (N.D. Cal.); *Ybarra v. Cockrell*, 2002 WL 1784422 (N.D. Tex.).

3

Although section 2255 proceedings have been characterized as just "a further step in the movant's criminal case and not a separate civil action," *United States v. Fiorelli*, 337 F.3d 282, 285-86 (3d Cir. 2003) (quoting Section 2255 Rule 1 advisory committee notes), we agree with the analysis set forth in these cases and will therefore dismiss the motion for extension of time for lack of jurisdiction.

In doing so, we also rely on *United States v. Verners*, 15 Fed. Appx. 657 (10th Cir. 2001) (nonprecedential), which concluded there is no jurisdiction to entertain an extension motion because of the ripeness doctrine, an aspect of the case-or-controversy requirement. In *Verners*, the Tenth Circuit stated:

> Article III's ripeness requirement "forestall[s] judicial determinations of disputes until the controversy is presented in clean-cut and concrete form." *Id.* This court considers two issues to determine whether a claim is ripe for adjudication: (1) the fitness of the issue for judicial resolution and (2) the hardship to the parties of withholding judicial consideration. *See id.*
>    We conclude that the question of equitable tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court *sua sponte*. It is only at this point that the record will be sufficient to determine whether the requisite "extraordinary circumstances" are present to the magnitude necessary to merit equitable tolling. Furthermore, this court can discern no hardship to Verners in withholding judicial consideration of the question of equitable tolling until a § 2255 motion is actually

4

>    filed and limitations period raised.
>    Accordingly, we conclude that question of
>    equitable tolling is not ripe and that the
>    Motion is, therefore, not justiciable.

*Id.* at 660.

We can follow *Verners* here because the Third Circuit also treats the one-year period for filing a 2255 motion as a limitations period subject to equitable tolling, *see Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 619 n.1 (3d Cir. 1998), and applies the same two-part test for determining ripeness. *See Peachlum v. City of York*, 333 F.3d 429, 434 (3d Cir. 2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691 (1977)).

We recognize that in *Green v. United States*, 260 F.3d 78 (2d Cir. 2001), the Second Circuit held that a district court, when considering a motion to extend time for filing a 2255 motion, should determine if the motion raises substantive grounds for relief under section 2255. If the motion does, the court should treat it as one under section 2255, and thereby also reach the issue of its timeliness. However, *Green* cannot assist Defendant here because, as noted above, Defendant's extension motion sets forth no grounds for relief under section 2255.

*Green* was followed in *Anderson v. Pennsylvania Attorney General*, 82 Fed. Appx. 745 (3d Cir. 2003) (nonprecedential), but in *Anderson*, the petitioner did allege in his extension motion, albeit in the vaguest way, his grounds for

5

relief under 28 U.S.C. § 2254 from his state-court conviction: "the ineffective assistance of counsel, in violation of his rights under the Sixth Amendment and the Due Process Clause." *Id.* at 747.  The Third Circuit stated this was sufficient to confer jurisdiction on the district court to consider the motion for extension of time to file the 2254 petition.[1]  *Id.* at 749.

In deciding that we have no jurisdiction to entertain the extension motion, we also recognize that in *Miller, supra,* the Third Circuit dealt with the merits of an appeal solely from the denial of a motion to extend the time for filing a 28 U.S.C. § 2254 petition.  However, the standing issue was not raised or addressed in that case, so we do not consider it controlling here.[2]

We note that the one-year statute of limitations under 28 U.S.C. § 2255 ¶ 6 is not jurisdictional and is subject to equitable tolling.  *United States v. Bendolph*, 409 F.3d 155, 164 (3d Cir. 2005)(en banc), *cert. denied*, 126 S.Ct. 1908 (U.S. May 1, 2006)(No. 05-3).  One ground for equitable tolling is whether

---

[1] But at the same time, the very vagueness of the allegations meant that the district court did not err in not recharacterizing the extension motion as a 2254 petition, *id.* at 749, and that the petitioner could not amend the motion with specific allegations after the limitations period had expired because this would amount to adding new claims.  *Id.* at 751. *See also Mayle v. Felix*, ___ U.S. ___, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

[2] At least one district court in this Circuit has decided an extension motion standing alone, *United States v. Moore*, 2001 WL 484061 (E.D. Pa.), citing *Miller*, but also did not address the standing issue.

6

there has been deprivation of legal materials.  *See Robinson v. Johnson*, 313 F.3d 128, 141-43 (3d Cir. 2002) (on a 2254 petition, considering deprivation of legal materials as a basis for equitable tolling but deciding it did not justify tolling in that case).  Thus, our denial of this extension motion should not be the end of Defendant's attempts at seeking 2255 relief, certainly since his filing deadline is still more than three months away.

      We will issue an appropriate order.

                                     /s/William W. Caldwell
                                     William W. Caldwell
                                     United States District Judge

Date: June 19, 2006

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
         Plaintiff
                               :

         vs.                   :   CRIMINAL NO.  1:CR-02-187-11

                               :

FRANCISCO LLANO                :
a/k/a"CHULUO", "CHULLO",
         Defendant             :
```

*O R D E R*

AND NOW, this 19th day of June, 2006, it is ordered that Defendant's letter motion (doc. 540) for extension of time to file a 2255 motion is dismissed for lack of jurisdiction.

                                             /s/William W. Caldwell  
                                            William W. Caldwell  
                                            United States District Judge